Timothy MAKAS, Plaintiff–Appellant,

v.

Richard MIRAGLIA, Commissioner, OMH, Howard Holanchock, Director, MHPC, Halik, Psychiatric Doctor, MHPC, Beth Judge, Psychiatric Doctor, MHPC, Sue Stevens, Sata, MHPC, New York State Office of Mental Health, Defendants–Appellees,

Woode, Psychiatric doctor, MHPC, Salil Kathpalia, Psychiatric doctor, MHPC, Defendants.

No. 07–4470–pr.

United States Court of Appeals, Second Circuit.

Nov. 5, 2008.

Timothy Makas, New Hampton, NY, pro se, Plaintiff–Appellant.

Ann P. Zybert, Assistant Solicitor General (Andrew M. Cuomo, Attorney General of the State of New York, on the brief, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, of counsel), New York, NY, for Defendants–Appellees.

Present: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, and BRIAN M. COGAN, District Judge.[*]

* The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New

## SUMMARY ORDER

Plaintiff-appellant Timothy Makas appeals *pro se* from a judgment of the District Court dismissing his complaint against the New York State Office of Mental Health ("OMH") and seven OMH employees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Makas challenges that judgment with respect to his claims that defendants violated his right to due process of law when they (1) failed to maintain the confidentiality of his medical records and (2) subjected him to an excessive number of compulsory blood tests. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Turning first to the claim that defendants violated Makas's due process right to privacy by failing to maintain the confidentiality of his medical records, we agree with the District Court that Makas has failed to state a claim upon which relief can be granted. In this § 1983 action, Makas challenges "the general OMH policy that permits all employees at the Mid–Hudson Psychiatric Center [in which Makas is confined] to view his medical records," and not any actions taken by the individual defendants in their personal capacities. *Makas v. Miraglia*, Nos. 05 Civ. 7180, 06 Civ. 14305, 2007 WL 724603, at *2, 2007 U.S. Dist. LEXIS 15628, at *7 (S.D.N.Y. Mar. 5, 2007). Because Makas seeks only damages in this suit, Compl. at 20, and challenges an "office-wide policy" implemented by the individual defendants in their official capacities, *Makas*, 2007 WL 724603, at *2, 2007 U.S. Dist. LEXIS 15628, at *7, the District Court properly dismissed his privacy claim against all defendants pursuant to *Papasan v. Allain*, 478 U.S. 265, 278, 106 S.Ct. 2932, 92

L.Ed.2d 209 (1986) ("Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was [alleged to be] illegal under federal law is barred even when the state official is the named defendant."). *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983 [damages actions].").

The District Court erred, however, when it dismissed Makas's claim that the compulsory drawing of his blood violated a liberty interest protected by substantive due process. According to the District Court, the "occasional routine blood tests of a resident at a psychiatric facility to protect his health are not so conscience-shocking as to constitute a violation of the Fourteenth Amendment," *Makas*, 2007 WL 724603, at *2, 2007 U.S. Dist. LEXIS 15628, at *6. Unlike the District Court, we do not analyze this claim under "the rubric of substantive due process," because "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision." *United States v. Lanier*, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Because "blood and urine tests constitute searches," *Anthony v. City of New York*, 339 F.3d 129, 142 (2d Cir.2003), we analyze this claim under the Fourth Amendment. In *Anthony*, we held that compulsory "blood and urine tests ... undertaken to facilitate ... diagnosis and treatment" are reasonable under the Fourth Amendment and "therefore constitutionally permissible." *Id.* at 142. We cannot say the same about the blood testing at issue in this action. In his complaint, Makas alleged that the OMH staff

York, sitting by designation.

drew his blood at a rate of "up to 5 times (monthly) in a row," causing him to suspect that he was a "guinea pig" or being used as a "pin cushion." Compl. ¶ 23. At this stage of the litigation, we must accept these allegations as true and draw any inferences from them in favor of Makas. *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir.2007). Viewed in this light, the complaint adequately states a claim for relief under the Fourth Amendment based on the allegedly unreasonable number of blood tests defendants imposed on Makas. It was error for the District Court to dismiss this claim with respect to the individual defendants.[1]

Accordingly, we AFFIRM the judgment of the District Court in all respects except for the dismissal of the substantive due process claim alleging the excessive drawing of blood, which we VACATE with respect to the individual defendants only. On REMAND, this claim should be analyzed under the Fourth Amendment.

---

1. For the reasons set forth above, this claim cannot be asserted against OMH. *See Will,*

491 U.S. at 71, 109 S.Ct. 2304.